IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

BALTAZAR AGUIRRE HERAS,

    Plaintiff,

vs.                         No. CV 16-00600 KG/SCY

JOHN DOE (1), et al.,

    Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court *sua sponte* under Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915(e)(2)(B) on the Civil Rights Complaint filed by Plaintiff Baltazar Aguirre Heras on June 17, 2016 ("Complaint"). (Doc. 1). The Court determines that the Complaint fails to state a claim on which relief can be granted and will dismiss the Complaint. The Court will also grant Aguirre Heras leave to file an amended Complaint.

### *Dismissals for Failure to State a Claim*

Plaintiff Aguirre Heras is proceeding pro se and *in forma pauperis*. The Court has the discretion to dismiss an *in forma pauperis* complaint *sua sponte* for failure to state a claim upon which relief may be granted under either Fed. R. Civ. P. 12(b)(6) or 28 U.S.C. § 1915(e)(2)(B). Under Fed. R. Civ. P. 12(b)(6) the Court must accept all well-pled factual allegations, but not conclusory, unsupported allegations, and may not consider matters outside the pleading. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Dunn v. White,* 880 F.2d 1188, 1190 (10th Cir. 1989). The court may dismiss a complaint under rule 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged." *Hall v. Bellmon,* 935 F.2d 1106, 1109 (10th Cir. 1991) (quoting *McKinney v. Oklahoma Dep't of Human Services,*

1

925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Twombly,* 550 U.S. at 570. A claim should be dismissed where it is legally or factually insufficient to state a plausible claim for relief. *Twombly*, 550 U.S. at 570.

Under § 1915(e)(2)(B) the court may dismiss the complaint at any time if the court determines the action fails to state a claim for relief or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(ii). The authority granted by § 1915 permits the court the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless. *Neitzke v. Williams,* 490 U.S. 319, 327 (1989). *See also Hall v. Bellmon,* 935 F.2d at 1109. The authority to "pierce the veil of the complaint's factual allegations" means that a court is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the plaintiff's allegations. *Denton v. Hernandez,* 504 U.S. 25, 32-33 (1992). The court is not required to accept the truth of the plaintiff's allegations but, instead, may go beyond the pleadings and consider any other materials filed by the parties, as well as court proceedings subject to judicial notice. *Denton,* 504 U.S. at 32-33.

In reviewing a pro se complaint, the Court liberally construes the factual allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992). However, a pro se plaintiff's pleadings are judged by the same legal standards that apply to all litigants and a pro se plaintiff must abide by the applicable rules of court. *Ogden v. San Juan County,* 32 F.3d 452, 455 (10th Cir. 1994). The court is not obligated to craft legal theories for the plaintiff or to supply factual allegations to support the plaintiff's claims. Nor may the court assume the role of advocate for the pro se litigant. *Hall v. Bellmon,* 935 F.2d at 1110.

In deciding whether to dismiss the complaint, in whole or in part, the court is to consider whether to allow plaintiff an opportunity to amend the complaint.  Pro se plaintiffs should be given a reasonable opportunity to remedy defects in their pleadings.  *Reynoldson v. Shillinger,* 907 F.2d 124, 126 (10th Cir. 1990). The opportunity to amend should be granted unless amendment would be futile.  *Hall v. Bellmon,* 935 F.2d at 1109. An amendment is futile if the amended claims would also be subject to immediate dismissal under the rule 12(b)(6) or § 1915(e)(2)(B) standards. *Bradley v. Val-Mejias,* 379 F.3d 892, 901 (10th Cir. 2004).

### *The Complaint Fails to State a Claim for Relief*

It is unclear from the Complaint whether Aguirre Heras is proceeding under § 1983 or under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics,* 403 U.S. 388 (1971). In his Complaint, Aguirre Heras names John Doe (1), John Doe (2), John Doe (3), and John Doe (4) as defendants.  Aguirre Heras alleges that all four John Does were correctional officers at CCA Cibola County Correctional Center, a New Mexico state correctional facility, but also claims they were employed by the federal government. (Doc. 1 at 1-2).  Regardless of whether he is asserting a § 1983 or a *Bivens* claim, however, the Complaint fails to state a claim for relief against any defendant under either Fed. R. Civ. P. 12(b)(6) or 28 U.S.C. § 1915(e)(2)(B).

To state a claim for relief against state officials under 42 U.S.C. § 1983 or against federal officials under *Bivens*, a plaintiff must assert acts by individual government officials that result in a deprivation of rights secured by the United States Constitution. 42 U.S.C. § 1983; *West v. Atkins*, 487 U.S. 42, 48 (1988). There must be a connection between individual official conduct and violation of a constitutional right. Conduct that is not connected to a constitutional violation is not actionable under Section 1983 or *Bivens*. *See Trask v. Franco*, 446 F.3d 1036, 1046 (10th Cir. 1998).

A plaintiff must plead that each government official, through the official's own individual actions, has violated the Constitution. *Ashcroft v. Iqbal,* 556 U.S. 662, 676, 129 S.Ct. 1937, 1948 (2009). Plaintiff must allege some personal involvement by an identified official in an alleged constitutional violation to succeed under § 1983 or *Bivens*. *Fogarty v. Gallegos,* 523 F.3d 1147, 1162 (10th Cir. 2008). It is particularly important that a plaintiff's complaint "make clear exactly *who* is alleged to have done *what to whom*, to provide each individual with fair notice as to the basis of the claim against him or her." *Robbins v. Oklahoma,* 519 F.3d 1242, 1249-50 (10th Cir. 2008) (emphasis in the original).

The Complaint does not identify any individual by name, does not make any specific factual allegations against an individual officer, and does not allege any violation of a constitutional right. Instead, the Complaint refers generally to "officers" and "a group of officers" and claims Aguirre Heras was injured. (Doc. 1 at 4-5). The Complaint does not make clear exactly who is alleged to have done what to whom, or provide any individual with fair notice as to the basis of a claim against him or her. *Robbins v. Oklahoma,* 519 F.3d at 1249-50. The mere naming of "John Doe" or "officer", without any identification of the officer or allegations of personal involvement by a particular officer in violation of the Constitution is insufficient to state a claim upon which relief can be granted against him. *Ashcroft v. Iqbal,* 556 U.S. at 676, 129 S.Ct. at 1948. Aguirre Heras's allegations fail to state any legally sufficient claim for relief under either Fed. R. Civ. P. 12(b)(6) or 28 U.S.C. § 1915(e)(2)(B) and the Court will dismiss his claims.

The Court will also grant Aguirre Heras leave to file an amended complaint consistent with this Memorandum Opinion within thirty (30) days of entry of the Memorandum Opinion and Order. *Hall v. Bellmon,* 935 F.2d at 1109. Aguirre Heras must identify who is being sued for

what and how his federal constitutional rights have been violated. If Aguirre Heras fails to file an amended complaint within thirty days or files an amended complaint that similarly fails to state a factually and legally sufficient cause of action, the Court may dismiss this proceeding with prejudice and without further notice.

**IT IS ORDERED** that the Civil Rights Complaint filed by Plaintiff Baltazar Aguirre Heras on June 17, 2016 (Doc. 1) is **DISMISSED** without prejudice for failure to state a claim on which relief can be granted and Plaintiff is **GRANTED** thirty (30) days from entry of this Memorandum Opinion and Order to file an amended complaint.

_____
UNITED STATES DISTRICT JUDGE